Wyly, J.
Plaintiff, holding an account and notes, aggregating $748 63, against the commercial firm of Mayer & Levystein, accepted in novation thereof in 1867 the note of the defendant in favor of Lazarus Mayer for $600, payable sis months after date (-^fhich was August 13, 1866), said note being indorsed “ without recourse” by the payee.
When the defendant pleaded in bar of the present action that the consideration of said note was Confederate money, the plaintiff called Lazarus Mayer in warranty and prayed judgment against him for $748 63 in case it should be decided that the note in suit is invalid on account of its consideration. Mayer filed no answer to the call in warranty. The court finding the consideration of the note to be Confederate money rejected plaintiff’s demand against the deiendant and-refused the call in warranty, reserving, however, plaintiff’s rights-against Lazarus Mayer as warrantor to be hereafter asserted. Plaintiff appeals, and in this court he contends that Lazarus Mayer, notwithstanding the indorsement “ without recourse,” is liable as warrantor of the validity of the note.
The note was negotiable in form, and was the maker’s unconditional-promise to pay the amount stated therein; when plaintiff received it from Mayer indorsed “ without recourse” on him, we think he took it at his own risk and the indorser is not liable because of the defense-of Confederate money consideration successfully pleaded by the defendant. The note was given in novation, indorsed “ without recourse,” and the indorser has not been notified of its dishonor by the maker. Even without this limitation in the indorsement, under the rules of commercial law, the indorser who has not been notified of non-payment at maturity can not be made liable. The authorities cited by appellant are not applicable.
Judgment affirmed.
Rehearing refused.